**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| Darrel Reeves, | : | |
| Plaintiff, | : | Civil Action No. 09-2791 (KSH)(MAS) |
| v. | : | **OPINION AND ORDER** |
| Hudson County Jail Medical Department, et al., | : | |
| Defendants. | : | |

**MICHAEL A. SHIPP, United States Magistrate Judge**

### I.   INTRODUCTION

This matter comes before the Court by way of Plaintiff Darrel Reeves's ("Plaintiff") Motion for Reconsideration of this Court's denial of Plaintiff's Application for Pro Bono Counsel. (Doc. Nos. 46 and 49 ("Pl.'s Moving Br.").)[1] For the reasons stated below, Plaintiff's motion is DENIED without prejudice.

### II.   BACKGROUND

All facts set forth in this Court's March 11, 2010 Order are hereby adopted. (*See* Doc. No. 38 ("March 11th Order").) On September 22, 2009, Plaintiff filed an Application for Pro Bono Counsel asserting that he will be unable to adequately represent himself and that "the case

---

[1] Docket Numbers 46 and 49 are essentially identical, except that Docket 46 includes a few blank pages in between others. Thus, in referring to any page numbers in Plaintiff's motion, the Court shall be referring to Docket Number 49. Moreover, because it is unclear whether Plaintiff intended to appeal the Undersigned's denial of his application for pro bono counsel or sought the Undersigned's reconsideration of same, the Court will treat it as a Motion for Reconsideration.

is likely to turn on credibility determinations." (Doc. No. 14.) The Court denied Plaintiff's Pro Bono Application on March 11, 2010. (*See generally* March 11th Order.) Plaintiff subsequently filed the motion for reconsideration currently pending before this Court.

### III.  LEGAL DISCUSSION

In the Third Circuit, the standard that must be met in order for a motion for reconsideration to be successful is well established. A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Local Civil Rule 7.1(i) states, "[a] motion for reconsideration shall be served and filed within 14 business days after the entry of the order or judgment. . . . A brief setting forth concisely the matter or controlling decisions which the party believes the . . . Magistrate Judge has overlooked shall be filed. . . ." This Court has held that a motion for reconsideration should be granted where "the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion. . . ." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 2000). To satisfy the burden of demonstrating that modification is appropriate,

> the moving party must set forth concisely the matters or controlling decisions which the counsel believes the court has overlooked. A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple. Further, the moving party must show more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision. A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which

>were overlooked . . . [A] motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances.

*In re Affordable Homes Corp.*, No. 05-60442, 2006 WL 4457337, at *3 (Bankr. D.N.J. July 19, 2006).

In support of his motion, Plaintiff asserts that he is not qualified to argue this case on his own behalf, particularly against an attorney who went to law school. (Pl.'s Moving Br. 1.) Plaintiff notes that he has attempted to retain counsel by way of sending letters to different law firms, but has consistently received negative responses. (*Id.* at 2.) As for whether this case will turn on credibility determinations, Plaintiff states that he has evidence to demonstrate same, but has been unable to produce it due to the fact that he is currently incarcerated and has been moved from time to time. (*Id.*)

Next, regarding whether the testimony of expert witnesses will be necessary, Plaintiff confused the Court's March 11th Order to mean that Plaintiff was required to seek or should have sought medical expert attention for his eye. (*See id.* at 4.) However, the correct standard is a consideration of whether expert testimony will be necessary for purposes of trial. As stated in the previous Order, at this stage of the proceedings, it is unclear as to whether expert testimony will be necessary. As such, this factor does not provide a basis for granting pro bono counsel. In fact, Plaintiff's motion for reconsideration does not include any newly available evidence, facts or law that the Court failed to consider when deciding Plaintiff's motion for pro bono counsel. While this Court understands Plaintiff's assertion that not all of the facts have been disclosed to the Court at this stage of the proceedings, for purposes of Plaintiff's pro bono application and motion for reconsideration, that factor is irrelevant. In this Court's March 11th

Order, the Court found, and continues to find, that Plaintiff has not properly demonstrated a need for pro bono counsel. Indeed, Plaintiff is well-articulated and has consistently outlined in detail the facts relevant to his claims alleged against Defendants and has conducted research to support same. These factors impress upon the Court that Plaintiff is capable of proceeding in this matter *pro se* and understands the complexity and nature of his constitutional right claims. Therefore, this Court's March 11th Order did not result in a manifest injustice against Plaintiff and Plaintiff's Motion for Reconsideration is denied without prejudice.

Regarding Plaintiff's references to the integrity of the judicial system and/or any inferences that the Undersigned believes that Plaintiff's statement and/or interpretation of the underlying facts of this matter are "lies" or that this matter has been prejudged, such accusations are simply false. The Undersigned has not and is not basing its decision on a belief that Plaintiff's claim lacks merit, and instead, is merely applying the appropriate legal standard to Plaintiff's application for pro bono counsel and his motion for reconsideration. In fact, the Court finds that there is at least some merit in fact and law in Plaintiff's claim pursuant to *Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir. 1997), which led the Undersigned to apply and assess the *Tabron* factors in the first place.

Unfortunately, there simply are not enough attorneys listed on the State of New Jersey's pro bono volunteer list that would permit this Court to grant pro bono counsel for each and every application submitted to the Court. Thus, the Court has a duty and obligation to assess and apply the relevant *Tabron* factors, which this Court has undertaken for the purpose of deciding Plaintiff's motions.

4

## IV. CONCLUSION

Based on the foregoing, and for good cause shown,

**IT IS** on this **17th** day of **September, 2010, ORDERED THAT** Plaintiff Darrel Reeves's Motion for Reconsideration is denied without prejudice.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**